# EXHIBIT A

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF RICHMOND

---

WYNETTE NEDD,

          Plaintiff,

-against-

EQUIFAX and SIMONS AGENCY INC.,

          Defendants,

-------------------------------------------------X

Index No.

S U M M O N S    001390

Plaintiff's Residence Address

100 East Macon Avenue

Staten Island, NY  10308

Defendant's address:

EQUIFAX:  1550 Peachtree Street NW
Atlanta, GA  30309
SIMONS AGENCY INC.
4963 Wintersweet Drive
Liverpool, NY 13088

The basis of this venue is

Plaintiff's address

FILED

MAR 08 2019

CIVIL COURT
RICHMOND COUNTY

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of Richmond, at the office of the Clerk of said Court at 927 Castleton Avenue, Staten Island, New York 10310, within the time provided by law as noted below and to file your Answer to the annexed Complaint with the Clerk; upon your failure to Answer, judgment will be taken against you for the sum of $25,000.00 with

interest from January 9, 2018 together with the costs of this action.

Dated:  March 7, 2019

*Edward B. Geller* (signature)

Edward B. Geller, Esq., P.C.

Attorney for Plaintiff

15 Landing Way

Bronx, New York  10464

Tel:(914)473-6783

Note the law provides that:

a)  If this summons is served by its delivery to you personally within the City of New York, State of New York, you must appear and answer within TWENTY DAYS after such service; or

b) If this summons is served by its delivery to any person other than you personally, or is served outside the City of New York, State of New York, or by publication, or by any means other than personal delivery to you within the City of New York, State of New York, you are allowed THIRTY DAYS after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

CIVIL COURT OF THE CITY OF NEW YORK
RICHMOND COUNTY
-----------------------------------------------------------------X

WYNETTE NEDD,                          Index No.:

            Plaintiff,

     -against-                          **COMPLAINT FOR**
                                                 **VIOLATIONS OF THE**
                                                 **FCRA**

EQUIFAX AND SIMONS AGENCY INC.

            Defendant(s).
-----------------------------------------------------------------X

        Plaintiff, WYNETTE NEDD ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., by Edward B. Geller, Esq., P.C., Of Counsel, as and for her Complaint against the Defendants, EQUIFAX and SIMONS AGENCY INC (hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of: (i) §1681 *et seq. as amended,* of Title 15 of the United States Code, commonly referred to the Fair Credit Reporting Act ("FCRA").

## PARTIES

2.      Plaintiff WYNETTE NEDD is a resident of the State of NEW YORK, residing at 100 EAST MACON AVENUE, STATEN ISLAND, NY 10308.

3.      Defendant SIMONS AGENCY INC is a NEW YORK corporation and has a

place of business at 4963 WINTERSWEET DRIVE, LIVERPOOL, NY 13088.

4. Defendant EQUIFAX is a GEORGIA corporation and has a place of business at 1550 PEACHTREE STREET N.W., ATLANTA, GA 30309.

5. Defendant(s) EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC §1681(d), to third parties.

6. The Defendant(s) EQUIFAX is hereafter referred to as "Defendant(s) "EQUIFAX " The Defendant is a "person" and "creditor reporting agency" as defined under in the FCRA, 15 USC §1681a (b) and (f). The Plaintiff is a "consumer" as defined under the FCRA, 15 USC §1681a(c).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. Upon information and belief, Defendant Simons Agency Inc., on behalf of itself or a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

9. Upon information and belief, and better known to the Defendant, the Defendant SIMONS AGENCY INC began its collection efforts and campaign of communications with the Plaintiff by reporting an account attributed to Plaintiff to national credit bureau(s)

10. On or about January 9, 2018 the Plaintiff acquired a copy of her credit report from Experian and noticed an account with the Defendant Simons Agency Inc reporting with a negative tradeline. The account shows a delinquent balance of $1,395.00 originating with Raymour & Flaningan. However, the account does show that it has been disputed by the Plaintiff.

11. The Plaintiff also acquired a copy of her Equifax credit report dated January 9, 2018. Equifax is reporting the above-mentioned account as well, however Equifax has not listed the account as being disputed by the Plaintiff.

16. If the same account is reporting disputed on one credit report it must be reported by the other credit bureaus as being disputed, as well.

## FIRST CAUSE OF ACTION
### (Violations of the FCRA)

17. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "16" herein with the same force and effect as if the same were set forth at length herein.

18. The Defendants violated the Plaintiff's rights under 15 USC §1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff's credit report and credit files Defendant published and maintained, as well as failing to properly update and either delete the account or report it accurately as disputed and do a thorough investigation.

19. As a result of Defendants' violation of 15 USC §1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

20. The violation by the Defendant(s) of 15 USC §1681e (b was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n.

21. After receiving the Plaintiff's dispute to Errant Trade Line, Equifax negligently

failed to conduct a reasonable reinvestigation as required by 15 USC §1681i. As a direct and proximate result of Equifax's negligent failure to perform its duties under FCRA, the Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

22. Equifax is liable to the Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorney's fees pursuant to 15 USC §1681o.

23. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding the Plaintiff as that term is defined in 15 USC §1681i(a).

24. Such reports contained information about the Plaintiff that was false misleading, and inaccurate.

25. The Defendant(s) violated 15 USC §1681i(a) by failing to conduct a reasonable reinvestigation after receiving the Plaintiff's dispute to an Errant Trade line to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit files.

26. As a result of the Defendants' violations of 15 USC §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

27. The violations by the Defendant(s) of 15 USC §1681i(a) were willful, rendering then liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, the Defendants were negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

28. As a result of the Defendant(s)violations of 15 USC §1681i (a)(1)(A), Plaintiff

suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

29. The violations by the Defendant(s) of 15 USC §1681i (a)(1)(A) were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, the Defendants were negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

30. The Defendant(s) violated 15 USC §168i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation and mark the account as disputed.

31. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney fees from the Defendant(s) in an amount to be determined by the Court pursuant to 15 USC §1681n and 15 USC §

## SECOND CAUSE OF ACTION

### *(Violations of NY General Business Law § 349)*

### Deceptive Trade Practices

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. Plaintiff is a consumer as that term is defined in New York General Business Law section 349 (NY GBL Sec. 349).

34. The described acts and practices involved "trade or commerce" as such terms are described in NY GBL Sec. 349, "a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

35. An unfair or deceptive practice in the conduct of any trade or commerce is unlawful pursuant to NY GBL Sec. 349.

36. Defendant Simons Agency Inc violated NY GBL Sec. 349 by unfairly and deceptively reporting inaccurate, incomplete, and unverifiable information and by failing to provide all the information required on the Plaintiff's credit report, as well as failing to notify all the credit bureaus of the Plaintiff's request to dispute.

## THIRD CAUSE OF ACTION

## 15 U.S.C.§1681e(b) VIOLATION OF FAIR CREDIT REPORTING ACT

## STANDARD OF LEGAL REVIEW

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "36" herein with the same force and effect as if the same were set forth at length herein.

38. In Boggio, the Sixth Circuit confirmed its stance that a private right of action exists if, once notified about a dispute, a furnisher fails to follow the duties laid out in § 1681s-2(b).[2] The Court held: § 1681s-2(b) reads: "After receiving notice pursuant to 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the [CRA] pursuant to 1681i(a)(2) of this title;

(C) report the results of the investigation to the [CRA];

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any investigation under paragraph (1), for purposes of reporting to a [CRA] only, as appropriate, based on the results of the investigation promptly –

  i. modify that item of information;

  ii. delete that item of information; or

  iii. permanently block the reporting of that item of information."

39. According to Boggio, the duties under (A) and (B) are inextricably linked. For an investigation to be sufficient under (A), it must be "reasonable," which the court describes as a "'fairly searching inquiry,' or at least something more than a merely cursory review."[3] However, what constitutes "reasonableness" in investigation is determined by the "information provided by the [CRA] pursuant to 1681i(a)(2)."[4] Therefore, a furnisher must review the information provided by the CRA under (B) in order to determine the level of scrutiny that a "reasonable" investigation will require.

40. Defendant Equifax violated 15 U.S.C. §1681e(b) on multiple occasions by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit report and credit files it published and maintains concerning the Plaintiff.

41. As a result of the conduct, actions and inactions of the Defendant, the Plaintiff suffered actual damages including without limitation, by example only and as described herein as follows: loss of credit, damage to reputation, embarrassment, humiliation and other mental and

emotional distress.

42. Equifax's conduct, actions and inactions were willful, rendering Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, the Defendant was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

43. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

## FOURTH CAUSE OF ACTION

### *(Negligent Violations of the FCRA by The Simons Agency Inc )*

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "43" herein with the same force and effect as if the same were set forth at length herein.

45. After being informed by Equifax of the Plaintiff's consumer dispute of the Errant Trade Line, Simons Agency Inc negligently failed to conduct a proper investigation of the Plaintiffs dispute as required by **15 USC 1681s-2(b)**.

46. Simons Agency Inc negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC1681s2(b). Specifically, it failed to direct Equifax to correct The Errant Trade Line which is inaccurate and creating a misleading impression on the Plaintiff's consumer credit file with Equifax to which it is reporting such trade line.

47. As a direct and proximate cause of Simons Agency Inc.'s negligent failure to perform its duties under the FCRA, the Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

48. Simons Agency Inc is liable to the Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o. 20. The Plaintiff has a private right of action to assert claims against Simons Agency Inc. arising under 15 USC 1681s-2(b).

49. WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants, jointly and severally; for her attorneys' fees and costs, for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1681n of the FCRA in the amount of $25,000.00;

B. For statutory damages provided and pursuant to 15 USC §1681n of the FCRA;

C. For statutory damages provided and pursuant to 15 USC §1681n of the FCRA;

D. For attorneys' fees and costs provided and pursuant to 15 USC §1681n of the FCRA;

G. For statutory, actual and punitive damages of $1,000,000.00 provided and pursuant to the FCRA, 15 U.S.C. 1681 § n (a)(1)(A), n (2), n(3); in the alternative for damages pursuant to negligence under 15 U.S.C. 1681 § o (a) (1)(2)

H. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   New York, New York
         February 22, 2019

                              Respectfully submitted,

                              By: _____
                              Edward B. Geller, Esq.
                              Edward B. Geller, Esq., P.C., Of Counsel to
                              M. HARVEY REPHEN & ASSOCIATES, P.C.
                              15 Landing Way
                              Bronx, New York 10464
                              Phone: (914)473-6783

                              *Attorney for the Plaintiff* WYNETTE NEDD

## AFFIRMATION

I, Wynette Nedd, under the penalty of perjury, deposes and say:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
Wynette Nedd

_Wynette Nedd_ [Printed]

Sworn to before me this 6th day of March 2019

_____
Notary Public

KIN MAN JOHNNY HUNG
NOTARY PUBLIC-STATE OF NEW YORK
No. 01HU6344474
Qualified in Kings County
My Commission Expires 07-08-2020